UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States Bakery, | No. 20-cv-02105-KJM |
| Appellant, | ORDER |
| v. | |
| Svenhard's Swedish Bakery, | |
| Appellee. | |

United States Bakery ("US Bakery") appeals the bankruptcy court's final order denying its motion to convert debtor appellee's Chapter 11 bankruptcy case to Chapter 7. Debtor appellee, Svenhard's Swedish Bakery ("Svenhard's"), opposes. This court has jurisdiction to review final bankruptcy court orders under 28 U.S.C. § 158(a). For the following reasons, the court finds it lacks jurisdiction to review this case and **therefore the appeal is dismissed**.

I.   BACKGROUND

    A.   Factual Background

Svenhard's was a bakery that produced a variety of Swedish pastries such as "bear claws, raisin snails, cinnamon rolls" and other pastries sold in stores across the country. Chief Operating Officer David Kunkel Decl. in Support of Special Counsel ¶ 4, App-177 (Kunkel Special Counsel

Decl.), ECF No. 5-1.[1]  US Bakery is one of Svenhard's largest creditors.  *See* Bankr. Schedules at App-87; Hr'g Tr. (May 12, 2020) at App-606.

In 2014, Svenhard's entered into a business relationship with US Bakery in order to sell its business to USB.  *See* Kunkel Special Counsel Decl. ¶ 5, App-177.  The arrangement provided for Svenhard's taking on significant debt.  *Id.*  On December 19, 2019, after defaulting on a settlement agreement with "its former union on account of pension liability," *id.* ¶ 6, Svenhard's filed a voluntary bankruptcy petition seeking financial relief under Chapter 11 of the United States Code (the "Bankruptcy Code"), *see* Chapter 11 Voluntary Pet., ECF No. 1 in *In re: Svenhard's Swedish Bakery*, Bankr. No. 19-15277-C-l 1 (E.D. Cal filed Dec. 19, 2019) (hereafter Bankr. Case).  Svenhard's is not currently operating.  Appellant Opening Br. at 5, ECF No. 5 (Brief); Appellee Br. at 22, ECF No. 7 (Appellee Brief).  Svenhard's bankruptcy schedules[2] reflect no accounts receivable within the last 90 days of the schedules' filing, nor assets including pieces of inventory, raw materials, supplies, office furniture, equipment, collectibles, machinery, customer lists or an internet domain name.  *See* December 2019 Monthly Report at App-179–194; January 2020 Monthly Report at App-219–235; February 2020 Monthly Report at App-236–251.  Svenhard's most recent monthly report does not alter this conclusion.  *See* September 2021 Monthly Report, ECF No. 354 in Bankr. Case (reflecting $0 dollars in cash sales and $0 in interest received).

Despite the fact the business is not operating, Svenhard's estate has incurred expenses since the bankruptcy filing.  Brief at 6–7.  This includes $23,500 in payments to Svenhard's sole

---

[1] All citations referencing the appellate record refer to the black letters and numbers on the bottom page of the appellate record filed by US Bakery as an exhibit to its notice of appeal, ECF No. 5-1, and the court relies on the pagination of that record to the extent available.  If a cited document is not included in the appellate record, the court cites to the docket number in the bankruptcy case with a reference to that case number.

[2] Bankruptcy schedules are documents reflecting the financial status of the debtor, prepared by the debtor.  The schedules include summaries of assets and liabilities, current income and expenditures, a statement of financial affairs, and other documents.  *See* Schedules, statements, and other documents required, Fed. R. Bankr. P. 1007(b)(1).

employee, Mr. David Kunkel, disbursed in February 2020, and an additional $10,000 in March 2020. *Id.* at 6–7 (citing February 29 Wells Fargo Statement at App-248; March 2020 Monthly Operating Report at App-431). Mr. Kunkel is the chief operating officer and one of the owners of the bakery. *Id.* at 5 (citing to Kunkel Special Counsel Decl. at App-174, App-177). Svenhard's paid a portion of these funds to Mr. Kunkel using US Bakery's cash collateral, which US Bakery did not authorize. *Id.* at 7. From April 2020 to at least October 2020, the estate has also noted a $10,000 monthly salary is due to Mr. Kunkel though not yet paid. Brief at 6 (citing Feb. 2020 Monthly Operating Report at App-236, App-238–239, App-241, App-248; March 2020 Monthly Operating Report at App-431, App-433–434, App-436). In February 2020, the monthly report reflected a salary exceeding $20,000 to Mr. Kunkel. Feb. 2020 Monthly Operating Report at App-236. Appellees represent Mr. Kunkel has not drawn on USB's alleged cash collateral since February 2020. Appellee Br. At 16.

Svenhard's also continues to incur expenses by virtue of its representation by bankruptcy counsel and special counsel. As of August 2020, the attorney's fees incurred totaled $462,000. Brief at 15 (citing August 2020 Monthly Operating Report at App-726). Most recently, the fees have reached at least $836,379. *See* September 2021 Monthly Operating Report, ECF No. 354 in Bankr. Case.

**B.     Procedural History**

Given its concerns about the administrative expenses accruing and the unauthorized use of its cash collateral, US Bakery filed a motion to convert Svenhard's Chapter 11 case to one under Chapter 7 on April 7, 2020. *See* Docket Text at App-11; *see also* Mot. to Convert at App-252–253. US Bakery relied on 11 U.S.C. § 1112(b), which is a provision of the bankruptcy code that permits creditors to seek conversion of bankruptcy cases from Chapter 11 to Chapter 7 for cause. US Bakery argued the bankruptcy case must be converted because (1) there is a "substantial or continuing loss to or diminution of the estate" and an "absence of reasonable likelihood of rehabilitation," U.S.C. § 1112 (b)(4)(A), (2) Svenhard's use of unauthorized cash collateral substantially harms US Bakery, *id.* § (b)(4)(D), and (3) the unauthorized use of cash demonstrates

/////

"gross mismanagement of the estate," *id.* § (b)(4)(B). Mem. P.& A. Mot. to Convert at App-419–420.

On May 12, 2020, Bankruptcy Judge Lastreto heard US Bakery's motion. *See* Hr'g Tr. (May 12, 2020) at App-590. Although the judge provided an opportunity for the parties to present witness testimony and conduct further discovery, all parties declined and the judge then submitted the matter, indicating the court would "issue its ruling shortly". Hr'g Tr. (May 12, 2020) at App-592–595, App-630. Within a short period of time, however, the judge recused himself from the case and the matter was reassigned to Bankruptcy Judge Klein. Order of Recusal, ECF No. 166 in Bankr. Case.

After a number of continuances, the court set the conversion motion for hearing on September 23, 2020. Civ. Min. (August 26, 2020) at App-718. At hearing, Judge Klein denied the conversion motion from the bench. Civ. Min. (Sept. 23, 2020) at App-740. On October 6, 2020, the court issued a short order confirming its denial of the motion: "[f]indings of fact and conclusions of law having been stated orally on the record and good cause appearing. It is ordered that the motion is denied without prejudice." Order (October 6, 2020) at App-952.

On October 21, 2020, US Bakery timely filed a notice of this appeal from the October 6, 2020 Order. Notice of Appeal, ECF No. 1. It filed its opening brief on January 4, 2021 arguing this court has jurisdiction to hear the appeal under 28 U.S.C. § 158 and the bankruptcy court committed reversible error when it failed to convert the case to Chapter 7 without making the necessary findings on the record. *See generally* Brief. Svenhard's moves to dismiss the appeal or in the alternative to affirm the order of the bankruptcy court to deny the conversion motion. Appellee Brief at 18. Svenhard's argues the October 6, 2020 order is a non-appealable interlocutory order, and even if this court were to find jurisdiction to review the order, the conversion motion was properly denied when the bankruptcy court did not find cause to convert. *Id.* at 17–18. Appellants responded, Reply, ECF No. 8, and the court held a hearing on the matter on May 28, 2021. Timothy Conway and Hagop Bedoyan appeared for US Bakery, Derrick Talerico appeared for Svenhard's Swedish Bakery, and Paul Jaspar appeared on behalf of the

/////

Official Committee of Unsecured Creditors. Hr'g Min. (May 28, 2021), ECF No. 12. After oral argument the court submitted the matter.

## II. LEGAL STANDARD

### A. Final Orders

"[D]istrict courts have jurisdiction to hear appeals from the bankruptcy court of: (1) final judgments, orders, and decrees; (2) interlocutory orders and decrees issued under section 1121(d) of title 11; and (3) with leave of the court, from other interlocutory orders and decrees." *In re Gabriel Techs. Corp.*, No. 13-03061, 2013 WL 4672785, at *3 (N.D. Cal. Aug. 30, 2013) (*Gabriel*); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 587 (2020). In "ordinary civil litigation, a case in federal district court culminates in a final decision" where the district court "disassociates itself from [the] case" and a party can only appeal "as of right" from that final decision. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). However bankruptcy cases "involve[] 'an aggregation of individual controversies,'" and therefore a different standard applies. *Id.* (internal citation omitted).

The Ninth Circuit approaches finality in bankruptcy cases with a "pragmatic or flexible" eye. *See In re Liu*, 611 B.R. 864, 870 (B.A.P. 9th Cir. 2020); *see also In re Linton,* No. 18-30773, 2021 WL 4592517, at *4 (B.A.P. 9th Cir. Oct. 6, 2021) ("the Supreme Court's *Bullard-Ritzen* decisions confirmed the continued vitality of the Ninth Circuit's pragmatic or flexible approach to finality in bankruptcy" (internal quotations omitted)). "This approach to finality is driven by the realization that 'certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be [immediately] appealable as of right.'" *In re Liu*, 611 B.R. at 870) (quoting *United States v. Technical Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir. 1987)). "An order in a bankruptcy proceeding is final and thus appealable if it 'alters the status quo and fixes the rights and obligations of the parties . . . [or] alters the legal relationships among the parties.'" *Ocwen Loan Servicing LLC v. Marino (In re Marino)*, 949 F.3d 483, 487 (9th Cir. 2020) (internal citation omitted). "Under the Ninth Circuit approach, a bankruptcy court's order is final for purposes of immediate appeal under § 158(a)(1) if: (1) it fully and finally determined

5

the discrete issue or issues it presented; and (2) the resolution of discrete issues seriously affected substantive rights." *In re Linton*, 2021 WL 4592517, at *4.

Examples of a bankruptcy court's final orders include: an order denying relief from an automatic stay, *Ritzen Grp.*, 140 S. Ct. at 589; an order dismissing a Chapter 7 debtor's bankruptcy petition, *In re Liu*, 611 B.R. at 879; an order converting a bankruptcy case to Chapter 7; *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008), *overruled on other grounds*, *In re Nichols*, 10 F.4th 956, 964 (9th Cir. 2021); an order determining the discrete issue whether debtor's "debt was primarily non-consumer and therefore subject to discharge under Chapter 7." *In re Cherrett*, 873 F.3d 1060, 1065 (9th Cir. 2017).

**B.     Motions to Convert Chapter 11 Cases to Chapter 7 Cases**

Businesses may file for bankruptcy under either Chapter 11 or Chapter 7 of the Bankruptcy Code. *Czyzewski v. Jevic Holding Corp.,* 137 S. Ct. 973, 978 (2017).  The primary difference between a Chapter 7 and Chapter 11 bankruptcy is whether or not the creditor or debtor hopes to keep the business operating.  *See id.*  In Chapter 7, a trustee liquidates assets and then makes distributions to creditors.  *Id.*  In Chapter 11, a debtor and creditors work to negotiate a plan to govern the distribution of estate assets and "often keep the business operating as a going concern." *Id.*

A debtor may convert a case to a Chapter 7 bankruptcy in certain circumstances not relevant to this matter; a creditor also may seek to convert a case as US Bakery attempted to do here. 11 U.S.C.A. § 1112. "Section 1112 of the Bankruptcy Code ('Section 1112') governs the conversion or dismissal of a case filed under Chapter 11, and 'is intended to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.'" *Lynch v. Barnard*, 590 B.R. 30, 35 (E.D.N.Y. 2018), *aff'd sub nom., In re Lynch*, 795 F. App'x 57 (2d Cir. 2020).  "Under Chapter 11, upon request of a party in interest, a bankruptcy court shall either convert a case to Chapter 7 or dismiss it based on its determination of the best interests of the creditors and the estate." *Salubrious Pharm., LLC v. Pharmo*, LLC, No. 15-07314, 2016 U.S. Dist. LEXIS 17136, at *4 (C.D. Cal. Feb. 10, 2016). The relevant statute provides a non-exhaustive list of sixteen "causes" for conversion or dismissal

including "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; . . . (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; . . . [and] (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C.A. §§ 1112(b)(4)(A), (B), (D), (F).

### III.    ANALYSIS

#### A.    Jurisdiction

There is sparse case law addressing directly whether an order denying a motion to convert a case from Chapter 11 to Chapter 7, as the bankruptcy judge did here, is an appealable final order of the bankruptcy court.[3] In 1987, the Ninth Circuit's bankruptcy appellate panel found an order denying such a motion was an interlocutory order, but never expressly addressed in the first instance whether it was a "final" order. *In re Klein/Ray Broad.,* 100 B.R. 509, 510–11 (B.A.P. 9th Cir. 1987) (*Klein*). Since then only one other district court within the Circuit appears to have reviewed the issue substantively. Specifically, in 2013, a district judge in the Northern District of California concluded, taking into account the facts of the case before him, that a denial of a conversion motion was neither final nor interlocutory and therefore was not appealable to the district court. *Gabriel,* No. 13-03061, 2013 WL 4672785, at *4. Both *Klein* and *Gabriel* are of course persuasive authority only, and not precedential. Elsewhere, the Tenth Circuit's bankruptcy appellate panel has found that denial of a motion to convert is not final but rather interlocutory, where the court below gave leave to appeal. *See In re Kearney*, 625 B.R. 83, 92 (B.A.P. 10th Cir. 2021)

The Supreme Court and Ninth Circuit have issued opinions addressing the concept of finality in other types of bankruptcy proceedings. *See Bullard*, 575 U.S. at 503 (denial of proposed confirmation plan with leave to amend was not final order); *In re Cherrett,* 873 F.3d at

---

[3] In contrast, the Ninth Circuit has held that orders granting a motion to convert are final orders. *In re Rosson,* 545 F.3d 764, 770 (9th Cir. 2008) ("An order converting a case under another chapter to one under Chapter 7 determines finally the discrete issue to which it is addressed, i.e., whether or not the case will be converted . . . . Moreover, because a conversion to Chapter 7 takes control of the estate out of the hands of the debtor, it seriously affects substantive rights and may lead to irreparable harm to the debtor if immediate review is denied.").

1065 (order denying motion to dismiss case for abuse under Chapter 7 is final order); *Ritzen Grp.*, 140 S. Ct. at 586 (denial of relief from stay in bankruptcy context was final appealable order).

Debtors rely heavily on *Gabriel* in their brief. In *Gabriel*, creditors brought a motion to convert a Chapter 11 bankruptcy to one under Chapter 7 for cause under 11 U.S.C. § 1112(b), due to the substantial or continuing loss or diminution of the estate and gross mismanagement of the estate, similar to the motion US Bakery brings here. *Gabriel*, No. No. 13-03061, 2013 WL 4672785, at *1–2. The bankruptcy court denied the motion, the creditors appealed, and as noted the district court ultimately held the denial was neither a final nor interlocutory order and therefore the court had no jurisdiction to hear the appeal. *Id.* at *2–4. The district court held the denial of the motion was not a final order because unlike an order approving conversion to Chapter 7, where the estate is taken "out of the hands of the debtor . . . and [the decision] may lead to irreparable harm to the debtor if immediate review is denied," a denial of a motion to convert from Chapter 11 to Chapter 7 "does not have an immediate or irreparable impact on debtor or creditor rights and simply requires the creditor's continued participation in the bankruptcy proceedings." *Id.* at *3. The court also found the denial was not interlocutory, as the order did not turn on one controlling question of law but "on law combined with fact" regarding whether there was an actual loss to the estate. *Id.* at *4–5.

In *Bullard*, the Supreme Court held that an order denying a repayment plan[4] in a Chapter 13 bankruptcy is not final, so long as it leaves the debtor free to propose another plan. *See Bullard*, 575 U.S. at 503. The Court expressly determined the denial of a proposed confirmation plan was not a "discrete" proceeding as the debtor could continue proposing a plan until one was confirmed. *Id.* at 501–03. It also distinguished between an order granting a confirmation plan as opposed to an order denying one with leave to amend. *Id.* at 502–03. The Court stated that a

/////

/////

---

[4] A repayment confirmation plan is proposed by the debtor and describes how the debtor will use future income to repay a portion of debt over the next three to five years. *Id.* at 498. "If the bankruptcy court confirms the plan and the debtor successfully carries it out," the debt is discharged. *Id.*

grant of a confirmation plan should be immediately appealable because it would change the status quo of the parties but

> denial of confirmation with leave to amend, by contrast, changes little. The automatic stay persists. The parties' rights and obligations remain unsettled. The trustee continues to collect funds from the debtor in anticipation of a different plan's eventual confirmation. The possibility of discharge lives on. 'Final' does not describe this state of affairs.

*Id.* at 503.

Two years after *Bullard,* in *Cherrett,* the Ninth Circuit held that a bankruptcy court's order denying a motion to dismiss for abuse of Chapter 7 under 11 U.S.C. § 707(b) was final and appealable. *In re Cherrett*, 873 F.3d at 1065.  In so doing, the Ninth Circuit affirmed the Bankruptcy Appellate Panel's decision, joining the "First, Third, Fourth, Fifth, Seventh, and Eighth Circuits," *In re Cherrett*, 523 B.R. 660, 666 (B.A.P. 9th Cir. 2014), and focused on the legislative history of § 707(b), *In re Cherrett*, 873 F.3d at 1065–66.  Given that the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act "manifest[ed] a congressional policy to police all Chapter 7 cases for abuse at the outset of a Chapter 7 proceeding," the court found that an order denying a motion to dismiss under this section of the code was a final order. *Id.* at 1065 ("[i]f the denial of a § 707(b) motion to dismiss cannot be appealed immediately . . . . , the Chapter 7 proceedings would have to be completed before it could be determined whether the proceedings were abusive in the first place.").

Most recently, the Supreme Court returned to the nuanced concept of finality in bankruptcy cases in the *Ritzen* case.  In *Ritzen*, creditors moved for relief from a stay in a Chapter 11 bankruptcy case months after the bankruptcy case denied their motion. *Ritzen Grp.,* 140 S. Ct. at 584.  In determining "the adjudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case . . . . [t]hat . . . yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief," the Court looked to *Bullard,* the procedural process required by the motion requiring notice and a hearing, the statutory text, and the practical results of the order. *Id.* at 586–89.  "[D]elaying appeal until the termination of the entire bankruptcy case . . . could . . . require the bankruptcy court to

unravel later adjudications rendered in reliance on an earlier decision" given the proceeding "occurs before and apart from proceedings on the merits of creditors' claims." *Id.* at 586, 587.

Reading these cases together, they suggest that a bankruptcy order denying a motion to convert a Chapter 11 case to Chapter 7 is not a final order. First, the denial of a motion to convert a Chapter 11 case to a Chapter 7 case is not a discrete proceeding as it does not disrupt the status quo of the case. *See Gabriel,* No. 13-03061, 2013 WL 4672785, at *4; *Bullard,* 575 U.S. at 503. Instead, creditors remain the creditors and the legal relationship between the parties has not shifted. *See Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp*, 614 B.R. 344, 351 (N.D. Cal. 2020). Denying the motion to convert also does not expose the debtor to new legal actions nor does it necessarily bar the creditor from moving to convert the case at a later time if the motion is denied without prejudice, as it was in this case. *See Bullard*, 575 U.S. at 503–04.

Second, the denial does not undermine "judicial efficiency." *In re Cherrett*, 523 B.R. at 666. While motions to convert do require notice and a hearing similar to motions for relief from a stay, bankruptcy courts would not be required to unravel later adjudications as the courts would if they erroneously denied relief from a stay. *See Ritzen*, 140 S. Ct. at 591.

Third, conversion motions are not listed as a "core proceeding" in 28 U.S.C. § 157(b)(2), a "textual clue" from Congress and a statutory reference point noted in both *Bullard* and *Ritzen. Bullard*, 135 S. Ct. at 1689 ("Statute defining core bankruptcy proceedings lists 'confirmations of plans,' § 157(b)(2)(L), but omits any reference to denials."); *Ritzen Grp.,* 140 S. Ct. at 590 ("although the discrete core proceedings listings hardly clinc[h] the matter, as the provision's purpose is not to explain appealability, they provide textual clue that Congress viewed adjudication of stay-relief motions as proceedings distinct from claim adjudication." (internal citations omitted)). Finally, a bankruptcy court's order denying a motion to convert to a Chapter 7 case by a creditor does not "finally and conclusively resolve[] the issue," as a creditor may move again to convert if new causes arise as the case proceeds. *In re Cherrett*, 873 F.3d at 1065.

For all the above reasons, this court cannot find a denial of a motion to convert from Chapter 11 to Chapter 7 by a creditor is a "discrete proceeding" and therefore sufficiently final to support this court's exercise of jurisdiction.

**B.     Interlocutory Appeal**

US Bakery argues even if the bankruptcy court's denial of their conversion motion is not a final order, this court should deem its motion as one seeking leave to appeal an interlocutory under 28 U.S.C. § 158(a)(3). Brief at 3. In the Ninth Circuit, district courts may exercise discretion to grant leave to appeal "in order to avoid wasteful litigation and expense," *In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001), when "(1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation." *Ad Hoc Comm. of Holders of Trade Claims,* 614 B.R. at 351.

As noted above, the Ninth Circuit's bankruptcy appellate panel once found a denial of a motion to convert an interlocutory order but provided little analysis for the determination. *See Klein,* 100 B.R. at 510–11. Specifically, the panel found "although no formal motion for leave to appeal was filed," the panel would consider the mere notice "of appeal as a motion for leave to appeal"; it then determined the lower court's order denying without prejudice a motion to convert to be an interlocutory decree and reviewed the matter on the merits. *Id.* Because the panel did not conduct a thorough interlocutory appeal analysis, the court does not give it great persuasive weight.

Here, the court finds the order denying without prejudice the motion to convert is not interlocutory, as it does not rest on a controlling question of law. "[A] question of law is 'controlling' if its resolution on appeal could 'materially affect the outcome of the litigation.'" *Ad Hoc Comm. of Holders of Trade Claims*., 614 B.R. at 351–52 (citing *Cement*, 673 F.2d at 1026). "The fact that an issue is novel, or that there is a disagreement about which authority is controlling does not, by itself, constitute a substantial difference of opinion to support an interlocutory appeal." *Id.*

Here, US Bakery suggests the controlling question of law is whether the bankruptcy court's failure to make findings of fact and conclusions of law were required by Federal Rule of Bankruptcy Procedure 7052 and 11 U.S.C. § 1112, and whether 11 U.S.C. § 1112 mandates conversion of this case. Brief at 3; Reply at 3–4. As to the first argument, whether or not the

11

bankruptcy judge was required to make more detailed oral findings is not a controlling question of law as it does not materially affect the outcome of the case. The bankruptcy judge denied the motion without prejudice and therefore US Bakery is welcome to move again to convert. Order (September 23, 2020) at App-952. Questions regarding the judge's findings of fact, in the absence of express statutory language requiring more, do not raise such a "fundamental issue" as "the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied." *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012). Regarding whether 11 U.S.C. § 1112 mandates conversion is necessarily a question of both law and fact and therefore cannot be resolved as a pure question of law. *See Gabriel,* 2013 WL 4672785, at *5. As noted above, US Bakery argues the bankruptcy case must be converted because (1) there is a "substantial or continuing loss to or diminution of the estate" and "absence of reasonable likelihood of rehabilitation," (2) Svenhard's unauthorized use of cash collateral substantially harms US Bakery, and (3) the unauthorized use of cash demonstrates "gross mismanagement of the estate." Mem. P. & A. Mot. to Convert at App-417–420. All of these assertions call for fact-specific determinations.

    The bankruptcy court's order is not interlocutory and this court does not have jurisdiction on these grounds either.

**IV.   CONCLUSION**

    US Bakery's appeal is **dismissed**. This order resolves ECF No. 5.

    IT IS SO ORDERED.

DATED: October 25, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE